UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD TAYLOR, | No. 2:13-cv-0623 TLN CKD P |
| Plaintiff, | |
| v. | |
| M. DUNBAR, et al., | ORDER |
| Defendants. | |

Plaintiff is proceeding with an action for violation of civil rights under 42 U.S.C. § 1983. His remaining claim is that defendant Dunbar, a Sacramento County Jail employee, violated plaintiff's rights arising under the Fourteenth Amendment by providing plaintiff inadequate medical care[1] while plaintiff was incarcerated there. Defendant Dunbar has filed a motion to dismiss.

In the motion, defendant Dunbar argues plaintiff failed to exhaust administrative remedies with respect to his remaining claim prior to filing suit. However, Dunbar did not provide plaintiff with the "Wyatt Notice" identified in the court's June 17, 2013 order with his motion to dismiss.

---

[1] In reviewing plaintiff's complaint, the court has ascertained that plaintiff was a pretrial detainee at the Sacramento County Jail when the acts alleged in his complaint occurred. Therefore, the Eighth Amendment is not applicable to plaintiff's allegations of inadequate medical care as indicated in the court's June 3, 2013 screening order. Rather, the claims which remain arise under the Fourteenth Amendment. **Error! Main Document Only.**Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).

1

1  Accordingly, defendant's motion to dismiss will be denied without prejudice to renewal within 14

2  days.  If defendant elects to renew his motion to dismiss, the motion must include "Wyatt Notice"

3  or the motion will be denied with prejudice.

4  Furthermore, as written, the court would recommend that the motion to dismiss be denied.

5  It is defendant's burden to show that plaintiff has failed to exhaust administrative remedies, Wyatt

6  v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003), and defendant has not met his burden.

7  Essentially, defendant argues that because a grievance attached to plaintiff's complaint does not

8  sufficiently address the claims still at issue (that defendant denied plaintiff a medically ordered

9  "incentive spirometer" and refused to house plaintiff on a low tier in the jail which was also

10  medically ordered), plaintiff has not exhausted.  There is nothing before the court which

11  adequately proves the attached grievance is the only grievance filed with respect to the allegations

12  in plaintiff's complaint, however.  Further, in his complaint, plaintiff asserts under the penalty of

13  perjury that he did exhaust administrative remedies.

14  The court also notes that defendant Dunbar argues that plaintiff's complaint fails to state a

15  claim upon which relief can be granted.  The court reminds counsel for defendant that on June 3,

16  2013, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. §

17  1915A(a) and found that the complaint does state an actionable claim.  The argument presented in

18  defendant's motion to dismiss does not compel a different conclusion.

19  Accordingly, IT IS HEREBY ORDERED that defendant Dunbar's September 11, 2013

20  motion to dismiss is denied without prejudice to renewal within 14 days subject to the terms

21  described above.

22  Dated:  November 15, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
tayl0623.57