UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>M. DUNBAR, et al.,<br><br>    Defendants. | No. 2:13-cv-0623 TLN CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding with an action for violation of civil rights under 42 U.S.C. § 1983. His remaining claim is that defendant Dunbar (defendant), a Rio Cosumnes Correctional Center (RCCC) employee, violated plaintiff's rights arising under the Fourteenth Amendment by failing to provide plaintiff adequate medical care while plaintiff was a pretrial detainee. Defendant Dunbar has filed a motion for summary judgment.

I. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

/////

1

1  purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R.
2  Civ. P. 56(c)(1)(A).

3    Summary judgment should be entered, after adequate time for discovery and upon motion,
4  against a party who fails to make a showing sufficient to establish the existence of an element
5  essential to that party's case, and on which that party will bear the burden of proof at trial. See
6  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an
7  essential element of the nonmoving party's case necessarily renders all other facts immaterial."
8  Id.

9    If the moving party meets its initial responsibility, the burden then shifts to the opposing
10 party to establish that a genuine issue as to any material fact actually does exist. See Matsushita
11 Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the
12 existence of this factual dispute, the opposing party may not rely upon the allegations or denials
13 of their pleadings but is required to tender evidence of specific facts in the form of affidavits,
14 and/or admissible discovery material, in support of its contention that the dispute exists or show
15 that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed.
16 R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the
17 fact in contention is material, i.e., a fact that might affect the outcome of the suit under the
18 governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,
19 Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is
20 genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving
21 party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

22   In the endeavor to establish the existence of a factual dispute, the opposing party need not
23 establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
24 dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
25 trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce
26 the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
27 Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963
28 amendments).

II. Plaintiff's Allegations

In his complaint, which is signed under the penalty of perjury, plaintiff alleges as follows:[1]

1. On September 28, 2012, while plaintiff was a pretrial detainee at the RCCC, plaintiff suffered two broken ribs as a result of an altercation with another inmate.  Plaintiff received medical treatment for his injuries.  Plaintiff was released from the infirmary on or about October 1, 2012.  When plaintiff was released, he was given an "incentive spirometer"[2] to assist him with breathing and a "written directive" that plaintiff be permitted to use it.

2. When plaintiff was released from the infirmary, defendant would not permit plaintiff to use his "incentive spirometer" which, according to plaintiff, left him susceptible to pneumonia. Eventually, plaintiff did contract pneumonia and was transported to the emergency room at an outside hospital where he stayed the night.

III. Arguments And Analysis

Defendant's first argument is that plaintiff failed to exhaust administrative remedies with respect to his remaining claim.  The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  If exhaustion has not occurred, it becomes plaintiff's burden to demonstrate effective unavailability of the grievance process in order to avoid dismissal for failure to exhaust.  See e.g. Rupe v. Beard, No. 2:08-cv-2454 EFS P, 2013 WL 2458398, at *18 (E.D. Cal. June 6, 2013).  At the RCCC, inmates may

/////

---

[1] The court identifies only those facts relevant to plaintiff's remaining claim.  For example, plaintiff asserts in his complaint that defendant refused plaintiff's requests that he be housed in a cell on a lower tier.  However, this allegation does not state a claim for relief under federal law because plaintiff fails to indicate how he was injured, if at all, based on where he was housed.

[2] According to Wikipedia, and "incentive spirometer" is a medical device used to help patients improve the functioning of their lungs.

3

grieve any condition of confinement by utilizing a three step process.  ECF No. 27-1, EX A-3.  The final step in the process is review by the "division commander."  Id.

It is undisputed that plaintiff never filed a grievance alleging defendant denied plaintiff use of an "incentive spirometer" or that defendant:  1) denied plaintiff any other medication or medical appliance; or 2) denied plaintiff access to medical care.[3]  This being the case, plaintiff failed to exhaust administrative remedies with respect to the only remaining claim before the court and defendant is entitled to summary judgment.

In light of the foregoing, the court need not reach the other arguments put forward by defendant in favor of summary judgment.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Dunbar's motion for summary judgment (ECF No. 27) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 29, 2014

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
tayl0623.57(2)

---

[3] The evidence before the court reveals that defendant actually responded to a grievance in which plaintiff complained about being housed near the inmate with whom plaintiff fought on September 28, 2012.  Complt. at 6-7.

4